# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

Vanessa T.,
**Petitioner Below, Petitioner**

**FILED**

**June 17, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)    No. 17-1028** (Boone County 06-D-358)

Shawn G.,
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Vanessa T.,[1] pro se, appeals the October 13, 2017, order of the Circuit Court of Boone County refusing her appeal from a September 20, 2017, order of the Family Court of Boone County. In the September 20, 2017, order, the family court found petitioner in contempt of an August 18, 2017, agreed order regarding the parties' minor child. Respondent Shawn G., pro se, filed a summary response in support of the circuit court's order.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion. For the reasons expressed below, the decision of the family court affirmed, in part, and reversed, in part, and this case is remanded to the family court with directions to hold a hearing regarding petitioner's current financial ability to satisfy the requirement for a compliance bond and all other costs, fees, and monetary sanctions imposed upon her by the court.

The parties were divorced from the bonds of matrimony by an order entered June 18, 2007. The parties have a fifteen-year-old child together. By order entered August 15, 2011, the Boone County Family Court directed the parties share parenting time with the minor child as follows: First, petitioner would have four consecutive days, then respondent having the next three consecutive days. The next week, petitioner would have three consecutive days and respondent would have four consecutive days. The cycle would then repeat. The Boone County Family Court

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W.Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

further ordered that the minor child shall have no contact with Ray H., with whom petitioner "remain[ed] in a relationship" at that time. The Boone County Family Court found that Ray H. was previously convicted of "brandishing a deadly weapon during the transfer of the minor child to [respondent]." The Boone County Family Court further found that petitioner "suffer[ed] from Bi-Polar Disorder, Depression, Anxiety[,] and Panic Disorder and receive[d] Social Security Disability benefits for the same."[2] On November 14, 2016,[3] petitioner filed a petition for modification of the August 15, 2011, order and proposed a parenting plan where petitioner would have parenting time with the parties' minor child "unless [respondent] is off work and he and [the child] discuss." With her petition, petitioner filed an application for waiver of fees and costs as an indigent person, which was approved. Respondent filed an answer to the petition for modification on December 7, 2016.

By temporary order entered February 17, 2017, the Boone County Family Court noted that the parties were advised of a prior professional relationship between the family court judge and respondent's attorney and "were allowed time outside the presence of the [c]ourt to decide whether to file objections." The Boone County Family Court found that, "[a]fter a brief recess[,] both parties waived any conflict of interest and requested that the judge continue in the case[.]" The Boone County Family Court further found that petitioner "admitted . . . that she had allowed the minor child . . . to use vapor cigarettes[,] contrary to his best interest[s,]" and that petitioner "failed to make the child attend school." Accordingly, the Boone County Family Court awarded respondent custody of the child "until further order of this court" and granted petitioner supervised visitation with the child from 5:00 p.m. on Friday to 6:00 p.m. on Sunday with petitioner's parents supervising the visitation. The Boone County Family Court further directed that, "[p]ursuant to the agreement of the parties, [Attorney] Jason Harwood shall be appointed as guardian ad litem [("GAL")] for the minor child[.]" Consistent with this directive, the Boone County Family Court entered an "amended order appointing [GAL] for minor child in a domestic case" on March 17, 2017, reflecting that a GAL had been appointed. In its March 17, 2017, order, the Boone County Family Court found that it was anticipated that the GAL's fees would be paid by "the Administrative Office of the West Virginia Supreme Court unless otherwise [o]rdered." On April 25, 2017, this Court amended West Virginia Trial Court Rules 21.04 and 21.05 to provide for payment of a GAL's fees only "when the appointment was nondiscretionary."[4]

The Boone County Family Court held a final hearing on petitioner's petition for modification on June 6, 2017.[5] The parties and the GAL informed the family court that "all parties

---

[2]The parties' minor child also receives disability payments due to hearing loss.

[3]By November of 2016, petitioner was apparently no longer involved with Ray H.

[4]As amended, West Virginia Trial Court Rule 21.04 provides that a "nondiscretionary appointment" is where (1) "substantial allegations of domestic abuse have been made"; (2) "serious allegations of abuse and neglect have been made"; (3) "there are serious issues relating to the child's health or safety"; or (4) "in cases involving disproving a child's paternity."

[5]The parties appeared at the June 6, 2017, hearing both in person and by counsel.

had reached an agreement as to the future parenting plan concerning the minor child[.]" During the school year, the minor child "shall remain enrolled in Boone County schools, as was his request," and "while school is in session, [the minor child] shall stay with [respondent] from Monday's after school through Thursday night." The parties' agreement further provided that petitioner would have parenting time with the minor child from "after school on Friday's" to Monday morning when petitioner "shall transport [the child] . . . to school." However, "if three (3) or more unexcused absences are accrued during a semester on [petitioner]'s Monday returns to school, [the minor child] shall . . . revert to being returned to [respondent] on Sunday evenings prior to school weeks." During summer vacation, "[the minor child] shall reside with [petitioner] during the week, with [respondent] having [the child] every third weekend from Friday's at 6:00 p.m. until Sunday's at 8:00 p.m."[6] (Emphasis omitted.) The Boone County Family Court adopted the parties' agreement at the June 6, 2017, hearing. However, the family court did not enter the agreed order until August 18, 2017. In the August 18, 2017, agreed order, the Boone County Family Court found that the parties' case did not qualify for "subsidized payments to the GAL through the Supreme Court [of Appeals] of [W]est [V]irginia[.]" Accordingly, the Boone County Family Court ordered that respondent pay 76% of the GAL's fees and that petitioner pay 24% of those fees.

Following the Boone County Family Court's adoption of the parties' agreement at the June 6, 2017, hearing, petitioner violated the family court's ruling numerous times. On June 23, 2017, petitioner "refused to transfer the child to [respondent] for his weekend visit." In refusing to transfer the child, petitioner gave a member of the Chapmanville Police Department "falsified information and presented him with the prior [c]ourt order that was contrary to the [a]greed [o]rder of the June 6, 2017[,] hearing which was still being circulated amongst counsel." The GAL, who was contacted, "inform[ed] law enforcement that [petitioner] was not being truthful [with] them and that the new agreement was to be enforced." Respondent was then able to exercise his parenting time with the parties' minor child.

On August 17, 2017, petitioner, "unilaterally, directly in violation of the [c]ourt's [o]rder and unknown to [respondent], enrolled the child in . . . school in Lincoln County." Once respondent learned that petitioner enrolled the minor child in school in Lincoln County, respondent filed a petition for contempt against petitioner on August 21, 2017. By an emergency ex parte order, the Boone County Family Court awarded respondent custody of the minor child and suspended all of petitioner's parenting time. Respondent "was then informed that [petitioner] had filed a bogus and unfounded temporary emergency protective order [("TEPO")] with the Lincoln County Magistrate Court . . . temporarily placing the child exclusively with [petitioner] . . ., in direct contravention of [the Boone County Family Court's] [o]rder." (Emphasis omitted.) At an August 31, 2017, hearing, the Lincoln County Family Court dismissed the TEPO, finding that the allegations set forth therein "were unfounded." The Lincoln County Family Court directed petitioner to surrender the minor child to respondent. Petitioner "refused to disclose the location of the child." (Emphasis omitted.) Accordingly, the Lincoln County Family Court held petitioner in contempt and placed her in the custody of the Lincoln County Sheriff. "[W]hile in the custody of the [Lincoln County] Sheriff,

---

[6]Provisions of the parties' agreement that are not relevant to petitioner's appeal are omitted.

3

[petitioner] conspired with others to hide the child through electronic messages or texts and going so far as leaving a voice message with family to abscond with the child." However, once petitioner was transported to the Western Regional Jail, petitioner "requested her family [to] return the child to [respondent]." Thereafter, petitioner was released.

Prior to the contempt hearing before the Boone County Family Court on September 6, 2017,[7] petitioner "began posting untrue and salacious postings on various social media platforms[.]" Petitioner accused both the Boone County Family Court and the Lincoln County Family Court judges of corruption, the GAL of making sexual advances towards her, and respondent of violence. Petitioner further claimed that the minor child "was being held against his will." At the September 6, 2017, hearing, the Boone County Family Court heard testimony from the parties and the GAL. The Boone County Family Court found petitioner in contempt because she (1) hindered respondent's exercise of his parenting time on June 23, 2017, which included providing "falsified information" to law enforcement; (2) enrolled the minor child in school in Lincoln County on August 17, 2017, in violation of its ruling at the June 6, 2017, hearing; (3) filed a false TEPO in Lincoln County and refused to surrender the minor child to respondent, causing the Lincoln County Family Court to incarcerate her until she disclosed the child's location; and (4) published untrue and salacious postings on various social media platforms contrary to the minor child's best interests and prior orders of the court. The Boone County Family Court further found that petitioner's testimony "lack[ed] credibility" and that petitioner "fabricate[d] evidence on several occasions" and engaged in "extreme parental alienation" regarding respondent's relationship with the minor child.

Given its findings, the Boone County Family Court awarded permanent custody of the minor child to respondent and ordered that petitioner has only supervised visitation with the child.[8] In its September 20, 2017, order, the Boone County Family Court directed that Vance Family Services supervise petitioner's visitation with the minor child and that petitioner pay the costs therefor.[9] The family court further ordered that petitioner undergo a psychological evaluation at her own expense and post a $2,000 cash bond "to ensure her compliance with the [o]rders of this [c]ourt." The family court further directed that petitioner pay respondent's costs in the amount of $1,000, and pay all of the GAL's fees incurred on or after June 23, 2017. For those GAL fees incurred prior to June 23, 2017, the family court reaffirmed its prior ruling from the August 18, 2017, agreed order that respondent pay 76% of the GAL's fees and that petitioner pay 24% of the fees. Finally, the family court made further proceedings in the parties' case contingent on "the receipt of the results of the psychological examination of [petitioner] and her faithful execution of the [contempt] sanctions detailed above." (Emphasis omitted.). However, the video recording of the contempt hearing shows that the family court failed to consider petitioner's ability to pay when

---

[7]Both parties appeared pro se at the September 6, 2017, hearing.

[8]The family court further ordered petitioner to take down the false social media postings.

[9]The Boone County Family Court ordered that petitioner shall have supervised visitation with the parties' minor child every first and third weekend of the month from 12:00 p.m. to 5:00 p.m. on both Saturday and Sunday.

requiring her to post a compliance bond in cash and imposing the other costs, fees, and monetary sanctions.

Petitioner appealed the Boone County Family Court's September 20, 2017, order to the Boone County Circuit Court, which refused her appeal by order entered October 13, 2017. Petitioner appealed the Boone County Circuit Court's October 13, 2017, order on November 17, 2017, and submitted another application for waiver of fees and costs as an indigent person. Upon review of this fee waiver application, this Court found that "petitioner [did] not meet the financial requirements for waiver of the filing fee" and directed petitioner to pay the fee by order entered December 12, 2017. Petitioner paid the $200 filing fee as acknowledged in an order entered January 9, 2018.

We review this matter under the following standard:

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syl., *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004).

On appeal, petitioner argues (1) both the Boone County Family Court judge and the GAL had conflicts of interest, which should have disqualified them from the parties' case; (2) the Boone County Family Court erred in finding petitioner in contempt and awarding custody of the parties' minor child to respondent with petitioner's parenting time restricted to supervised visitation only; and (3) the Boone County Family Court failed to consider petitioner's ability to pay and/or indigency status in requiring her to post a $2,000 compliance bond in cash and in imposing various other costs, fees, and monetary sanctions. Respondent counters that the Boone County Family Court's September 20, 2017, order should be affirmed because its findings are not clearly erroneous. We agree with respondent regarding petitioner's first two issues;[10] however, on the third issue, we find that the family court's order should be reversed regarding the requirement for a compliance bond and the other imposed costs, fees, and monetary sanctions and the case be remanded for a hearing to ensure that petitioner has the current financial ability to meet those requirements.

Respondent argues that petitioner's first issue lacks merit because the Boone County Family Court did not clearly err in finding that petitioner waived any conflict of interest that the family court judge had given his prior professional relationship with respondent's attorney and in finding that petitioner agreed that the GAL be appointed to represent their child's best interests. Upon our review of the record on appeal, we find that the parties were advised of the family court judge's prior professional relationship and "were allowed time outside the presence of the [c]ourt to decide whether to file objections" and that, "[a]fter a brief recess[,] both parties waived any

---

[10]We refer to "issues" because petitioner's brief did not include assignments of error as required by Rule 10(c)(3) of the West Virginia Rules of Appellate Procedure.

conflict of interest and requested that the judge continue in the case[.]" We further find that the GAL's appointment was made "[p]ursuant to the agreement of the parties[.]" Accordingly, we conclude that petitioner's first issue is without merit given that the record supports the family court's findings.[11]

Respondent argues that petitioner's second issue lacks merit because the Boone County Family Court made findings sufficient to establish that petitioner was in contempt of the family court's prior directives and that the child's best interests required custody be awarded to respondent with petitioner's parenting time restricted to supervised visitation only. "Although parents have substantial rights that must be protected, the primary goal in cases involving . . . family law matters . . . must be the health and welfare of the children." Syl. Pt. 3, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996); *see also Michael K.T. v. Tina L.T.*, 182 W.Va. 399, 405, 387 S.E.2d 866, 872 (1989) (finding that "the best interests of the child is the polar star by which decisions must be made which affect children"). Here, we find that the four instances where petitioner acted contumaciously by disobeying the Boone County Family Court's prior directives are thoroughly documented in the appellate record. Thus, we find that the family court did not err in finding petitioner in contempt. We further find that one of petitioner's contumacious acts involved her refusal to disclose the minor child's location until she was incarcerated at the Western Regional Jail. Furthermore, the Boone County Family Court found that petitioner's testimony "lack[ed] credibility" and that petitioner "fabricate[d] evidence on several occasions" and engaged in "extreme parental alienation" regarding respondent's relationship with the minor child. "An appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact." *State v. Guthrie*, 194 W.Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995). Accordingly, based on the appellate record, we conclude that the Boone County Family Court did not abuse its discretion in awarding custody of the minor child to respondent and restricting petitioner's parenting time to supervised visitation only. Therefore, we affirm both the Boone County Family Court's finding that petitioner was in contempt of its prior directives and the family court's decision regarding the parenting time that each party has with the minor child.

Regarding petitioner's third issue, we agree with respondent that petitioner's willful disobedience warranted the family court's requirements for a compliance bond and the other imposed costs, fees, and monetary sanctions. However, based on our review of the record, we find that petitioner is correct that, in the lower courts, her application for waiver of fees and costs was approved. We further find that, as noted *supra*, the video recording of the contempt hearing shows that the family court failed to consider petitioner's ability to pay when requiring her to post a compliance bond in cash and imposing the other costs, fees, and monetary sanctions.

---

[11] To the extent that the record could be interpreted to reflect that petitioner did not affirmatively waive any alleged conflict of interest on the part of the GAL, but only agreed to the GAL's appointment, waiver still resulted because, in West Virginia, "parties must speak clearly in the [lower] court, on pain that, if they forget their lines, they will likely be bound forever to hold their peace." *State ex rel. Cooper v. Caperton*, 196 W.Va. 208, 216, 470 S.E.2d 162, 170 (1996); *see also State v. Asbury*, 187 W.Va. 87, 91, 415 S.E.2d 891,895 (1992) (finding that "[g]enerally the failure to object constitutes a waiver of the right to raise the matter on appeal").

In syllabus point one of *State ex rel. Deblasio v. Jackson*, 227 W.Va. 206, 707 S.E.2d 33 (2011), we reiterated:

> "When a party files an affidavit in accordance with and by reason of [West Virginia Code §] 59-2-1, stating that [she] is pecuniarily unable to pay fees and costs, or counsel fees, the truth of the affidavit is not then to be questioned and the officer whose services may be demanded or required shall perform such services as are required by law, as if such fees for such services had been paid." Syllabus Point 2, *Mars v. Luff*, 155 W.Va. 651, 186 S.E.2d 768 (1972).

In *State ex rel. Bay v. Marshall*, 227 W.Va. 679, 683-84, 714 S.E.2d 331, 335-36 (2011), we found that a court has the authority to review the clerk's approval of indigency status and require a new waiver application if information becomes available indicating that the indigent person has previously undisclosed assets. Similarly, an indigent person has an obligation to file a subsequent application if her financial means increase. *Id.*

Here, when petitioner submitted another application for waiver of fees and costs for purposes of appeal to this Court, we found that "petitioner [did] not meet the financial requirements for waiver of the filing fee" and directed petitioner to pay the fee by order entered December 12, 2017. Petitioner paid the $200 filing fee. Therefore, we find that, while petitioner's financial means may still be limited, there is reason to believe that they have increased since November of 2016 when the fee waiver was approved for the proceedings below. Accordingly, we reverse the Boone County Family Court's requirement for a compliance bond and all other imposed costs, fees, and monetary sanctions set forth in the family court's September 20, 2017, order[12] and remand this case for a hearing on petitioner's current financial means with directions that the family court adjust the amounts, only as needed, to reflect petitioner's ability to pay.

For the foregoing reasons, we reverse the Boone County Circuit Court's October 13, 2017, order refusing petitioner's appeal from the Boone County Family Court's September 20, 2017, order. With regard to the September 20, 2017, order, we (1) affirm the family court's finding that petitioner was in contempt of its prior directives and its award of custody of the parties' minor child to respondent with petitioner's parenting time restricted to supervised visitation only; and (2) reverse the family court's requirement for a compliance bond and all other imposed costs, fees, and monetary sanctions and remand this case for a hearing on petitioner's current financial means with directions that the family court adjust the amounts, only as needed, to reflect petitioner's ability to pay.

> Affirmed, in part, Reversed, in part,
> and Remanded with Directions.

**ISSUED**:   June 17, 2019

---

[12]This includes the family court's ruling that petitioner pay 24% of the GAL fees incurred prior to June 23, 2017, because we find that this ruling was contrary to syllabus point one of *Deblasio*.

7

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison